# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**ANTHONY FOSTER,**
    Plaintiff,

**v.**             4:19-cv-1928-CLM-HNJ

**KEVIN HASSELL, et al.,**
    Defendants.

## MEMORANDUM OPINION AND ORDER

The magistrate judge has entered a report, recommending the court treat Defendants' special report as a motion for summary judgment and grant the motion as to Plaintiff Anthony Foster's claims against Defendant Jeremy Lasseter and deny the motion as to Foster's claims against Defendants Kevin Hassell and Josh Gaskin. (Doc. 69). The magistrate judge also recommends the court refer Foster's excessive force claim against Hassell and Gaskin to the magistrate judge for further proceedings. (*Id.*). Hassell and Gaskin object to the report and recommendation. (Doc. 73).

In their objections, Hassell and Gaskin state they "object to the Report and Recommendation for the reasons set out in detail in their Motion for Summary Judgment and supporting Brief (Doc. No. 66)." (Doc. 73, p. 1). As explained in the magistrate judge's report and recommendation, an "objecting party must identify every objectionable finding of fact or recommendation and state the specific basis for every objection." (Doc. 69, p. 47). Hassell and Gaskin's objections fall well short of this standard, so the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784–85 (11th Cir. 2006).

After considering the record and the magistrate judge's report, the court finds no clear error, **ADOPTS** the report, and **ACCEPTS** the recommendation. As the magistrate judge explained, under Foster's telling, Foster was laying face down with his hands behind his back when officers entered his shop. And though Foster did not resist arrest or disobey any of the officer's commands, Hassell stomped on Foster for 30 seconds while Gaskin dove onto Foster, placed Foster in a headlock, and punched Foster in the head. If proved true, these actions violated Foster's clearly established right to be free from excessive force. *See Patel v. City of Madison*, 959 F.3d 1330, 1339 (11th Cir. 2020) ("[I]n a case where an officer uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands, we have repeatedly ruled that the officer violates the Fourth Amendment and is denied qualified immunity." (citations and quotations omitted)). So Hassell and Gaskin are not entitled to qualified immunity on the excessive force claim against them and that claim must proceed to trial.

Consistent with the magistrate judge's recommendation, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment. The court **GRANTS** summary judgment on the claims brought against Lasseter and **DISMISSES** those claims **WITH PREJUDICE**. The court **DENIES** summary judgment on the excessive force claims against Hassell and Gaskin.

The court **DIRECTS** the Clerk of Court to terminate Lasseter as a defendant in this action. The court **REFERS** Foster's claims against Hassell and Gaskin to the magistrate judge for further proceedings.

The court **DIRECTS** the Clerk of Court to send a copy of this order to Foster at his address of record.

**Done** and **Ordered** on February 14, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE